## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is entered into as of June ____, 2019 ("Effective Date"), by and among Montgomery County Board of County Commissioners, Sheriff Phil Plummer, Sheriff Rob Streck, and Thomas Feehan ("Defendants"), and Tonya Varney ("Plaintiff") (collectively "Parties").

WHEREAS, on May 9, 2018, Plaintiff filed her civil action, Case No. 3:18-cv-00115, captioned, <u>Tonya Varney v. Montgomery County Board of Commissioners, et al.</u>, in the United States District Court for the Southern District of Ohio, Western Division at Dayton (the "Litigation");

WHEREAS, Plaintiff and Defendants desire to avoid the expense, inconvenience, uncertainty and distraction of litigation concerning the Parties' claims in the Litigation, and through mediation and settlement negotiations have reached an agreement to settle completely all claims among them under the terms set forth below;

NOW THEREFORE, in consideration of the foregoing premises, which shall be deemed an integral part of this Agreement, and of the mutual covenants and agreements set forth below, which the Parties each acknowledge and agree are good and valuable consideration, receipt and sufficiency of which are acknowledged by each, the Parties each agree as follows:

1. Defendants shall pay, or cause to be paid, to Plaintiff the total sum of one hundred eighty-seven thousand dollars ($187,500.00) (the "Settlement Payment"). The Defendants' payment to Plaintiff shall be made via a check made payable to Plaintiff's legal counsel's trust account. The Settlement Payment shall not bear interest. Plaintiff shall satisfy any and all outstanding subrogation liens from the proceeds of the Settlement Payment.



EXHIBIT A

2. Within three (3) business days of Defendants' payment of the Settlement Payment, as provided for in paragraph 1 above, the Parties shall execute, and Plaintiff shall file with the Court, a Notice of Fulfillment of Settlement and in such document request that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 42(a)(2) and request that the Court retain jurisdiction to enforce the settlement agreement in the form attached as Exhibit A. Each party shall bear their own costs.

3. Plaintiff fully, finally, and forever releases and discharges Defendants, in their respective individual and official capacities, including their past, present and future representatives, employees, employers, officers, directors, attorneys, agents, insurers, partners, affiliated entities, and heirs, executors and administrators, as applicable, and their assigns, and all those claiming by, through or under them, including Montgomery County Ohio, the Montgomery County Sheriff's Office, and their respective insurers, employees, agents, agencies and related entities, of and from any and all claims, contracts, promises, judgments, actions, suits, liens, losses, indebtedness, rights, damages, costs, fees, expenses, remedies, accounts, demands, obligations, liabilities, and causes of action of every type, nature, and description whatsoever, including but not limited to those arising out of or relating to the Litigation.

4. The Parties will not disclose the terms of this Agreement unless such disclosure is: (i) required by state or federal law, including but not limited to Ohio's Public Records Act (R.C. §149.43) and related laws; (ii) lawfully required by any governmental agency; (iii) otherwise required by law to be disclosed to indemnifying parties, or to taxing authorities; (iv) necessary in legal proceedings to enforce any provision of this Agreement; or (v) reasonably required to be made known to legal counsel, accountants and other tax, financial or legal advisors to the parties.

5. In response to any inquiry regarding this Agreement or the resolution of the Litigation, Plaintiff and Defendants shall limit any and all comments to a statement that the Litigation was settled amicably.

6. The terms of this Agreement are not, and should not be construed as, an admission of liability or wrongdoing on the part of any Party, and each Party in fact denies any wrongdoing or liability to the other.

7. The terms of this Agreement cannot be changed orally. Any amendments shall be in writing, duly signed by the Parties. This Agreement sets forth the complete and entire understanding between and among the Parties, and the only consideration for signing this Agreement, and supersedes any prior discussions or agreements between and among them. No other promises or agreements of any kind have been made to or with the Parties to cause them to execute this Agreement.

8. In the event that any provision of this Agreement is declared unenforceable by any court, such declaration shall not affect the enforceability of any other provision of this agreement, it being intended that this Agreement shall be severable and applied as if any such void or unenforceable provision had not been included.

9. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by the Parties' respective heirs, executors, and administrators, representatives, successors, and assigns, as applicable.

10. This Agreement shall be construed and enforced in accordance with the laws of the State of Ohio, and the United States District Court for the Southern District of Ohio, Western Division at Dayton shall retain jurisdiction over the enforcement of this Agreement.

11. This Agreement may be executed in counterparts, each of which shall be deemed an original. Additionally, an electronic, facsimile or portable document format copy (.pdf) of an original agreement signed by a Party to this Agreement shall be deemed an original document and the Parties are entitled to rely on the validity, authenticity, and authority of a copy of an executed original document transmitted by email, facsimile or portable document format (.pdf).

12. The Parties state that they have each carefully read this Agreement, that they know and understand its contents and its legal, binding effect, and that each signs this Agreement voluntarily, as his, her, or its own free act.

**THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK**

SHERIFF PHIL PLUMMER

TONYA VARNEY

_____

_____*Tonya R. Varney*_____

SHERIFF ROB STRECK

_____

THOMAS FEEHAN

_____

BOARD OF COUNTY
COMMISSIONERS OF
MONTGOMERY COUNTY, OHIO

_____
By:
Title: _____

_____
By:
Title: _____

_____
By:
Title: _____

5